Argued and submitted November 16, 1983, reversed and remanded May 9, 1984

# MORROW CRANE CO., INC.,
*Appellant,*

*v.*

# BILTMORE CONSTRUCTION CO.,
*Respondent.*

(137,550; CA A27849)

680 P2d 1014

Steve Lipton, Salem, argued the cause for appellant. With him on the brief were D. Michael Mills, Salem, and Mills & McMillin, Salem.

David A. Hilgemann, Salem, argued the cause for respondent. With him on the brief was Schlegel, Milbank, Jarman & Hilgemann, Salem.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is an action on a lease. Morrow Crane Co., an Oregon corporation doing business in all 50 states, brought suit against Biltmore Construction Co., a Florida corporation, to collect monies allegedly due under a lease agreement between the parties. Biltmore was served in Florida. It moved to quash service on the ground that Oregon courts lack personal jurisdiction over it. The trial court agreed, and Morrow appeals. The issue is whether Oregon courts have personal jurisdiction over Biltmore. We conclude that they do and reverse and remand.

Biltmore contacted Morrow's agents in Virginia and Illinois about leasing a crane. A lease was eventually signed in Florida. Under its specific terms, however, it was not binding until it was countersigned by Morrow's corporate officers. They countersigned it in Oregon. Morrow then had a crane shipped from Colorado to Biltmore in Florida.

The lease obligated Biltmore to pay Morrow $10,500 monthly. Over the term of the lease, Biltmore sent monthly payments to Morrow in Oregon. The lease also obligated Biltmore to maintain and repair the crane. Although it did not require Biltmore to order parts or service from Morrow, in fact, when the crane needed repair, Biltmore contacted Morrow in Oregon, and Morrow sent parts and service personnel from Oregon to Florida. Later, a dispute arose over the lease.

■ ■ Morrow has the burden to allege and to prove sufficient facts to establish personal jurisdiction over Biltmore. *State ex rel Sweere v. Crookham,* 289 Or 3, 7, 609 P2d 361 (1980). In *White Stag Mfg. Co. v. Wind Surfing, Inc.,* 67 Or App 459, 463, 679 P2d 312 (1984), we stated:

> "The traditional analysis applied to determine if personal jurisdiction is appropriate is in two parts. We inquire whether the Oregon 'long-arm' statute permits an Oregon court to acquire personal jurisdiction * * * and, if so, whether the assertion of jurisdiction * * * offends due process rights guaranteed by the Fourteenth Amendment. *State ex rel Academy Press v. Beckett,* 282 Or 701, 708, 581 P2d 496 (1978)."

Morrow asserts jurisdiction over Biltmore under ORCP 4L.[1] The question is whether the transaction between the parties

---

[1] ORCP 4L provides:

evidences sufficient minimum contacts such that the exercise of jurisdiction does not offend traditional due process notions of fair play and substantial justice.[2] *World-Wide Volkswagen Corp. v. Woodson,* 444 US 286, 100 S Ct 559, 100 S Ct 580, 62 L Ed 2d 490 (1980); *International Shoe Co. v. Washington,* 326 US 310, 66 S Ct 154, 90 L Ed 95 (1945).

In *State ex rel White Lbr. v. Sulmonetti,* 252 Or 121, 448 P2d 571 (1968), the Supreme Court stated that a single transaction that causes an injury or loss to a party that is cognizable by Oregon law is sufficient to give Oregon an interest in providing a forum. In *State ex rel Jones v. Crookham,* 296 Or 735, 681 P2d 103 (1984), the Supreme Court noted:

> "The reasonableness of a state exercising jurisdiction over non-residents is a case-by-case question. It is a determination 'in which few answers will be written "in black and white. The greys are dominant and even among them, the shades are innumerable."

■ · The contacts here are substantially greater than those present in *Jones,* a case also decided under ORCP 4L. There, the defendant merely signed a contract with a corporation doing business in Oregon and mailed payments to Oregon from its place of business in Idaho. The defendant's initial contact was with an Idaho business, and it did not initiate that contact. The Supreme Court held that the defendant had not purposefully availed itself of the privilege of conducting activities in Oregon. Here, however, defendant initially contacted

---

"A court of this state having jurisdiction of the subject matter has jurisdiction over a party served in an action pursuant to Rule 7 under any of the following circumstances:

"* * * * *

"L. Notwithstanding a failure to satisfy the requirements of sections B. through K. of this rule, in any action where prosecution of the action against a defendant in this state is not inconsistent with the Constitution of this state or the Constitution of the United States."

Morrow also relies on ORCP 4E(4). Because we conclude that jurisdiction is established under ORCP 4L, we need not address whether jurisdiction is also established under ORCP 4E(4).

[2] The fundamental requisites of due process are adequate notice and an opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Co.,* 339 US 306, 313-16, 70 S Ct 652, 94 L Ed 865 (1950); *Rocky B. Fisheries v. No. Bend Fab.,* 66 Or App 625, 632, 676 P2d 319 (1984).

plaintiff. This contact was direct and occurred in neither Oregon nor Florida. Defendant knew that it was contacting an Oregon corporation and purposefully availed itself of the privilege of conducting activities here by ordering parts and service personnel.

In *State ex rel Michelin v. Wells,* 294 Or 296, 300, 657 P2d 207 (1982), the Supreme Court approved an objective test to determine what minimum contacts with a state satisfy the Due Process Clause. It held that there must be at least one contact with the forum state which is substantively relevant to the cause of action. 294 Or at 302. Applying that test here, the evidence shows that (1) Biltmore contacted and contracted with an Oregon corporation which does business in all 50 states; (2) it agreed that the contract was not binding until the lease was countersigned by Morrow's corporate officers, who countersigned it in Oregon; (3) it contacted Morrow in Oregon for parts and service personnel that were, in fact, sent from Oregon to Florida; and (4) it sent substantial monthly lease payments to Morrow in Oregon during the term of the lease.

■　　　We conclude that under these circumstances contacts which are substantively relevant to the cause of action occurred in Oregon.[3] We hold that exercise of personal jurisdiction under these circumstances falls within ORCP 4L and does not offend due process.[4]

Reversed and remanded.

---

[3] On similar facts, the Arizona Supreme Court has held that a foreign corporation had to litigate in Arizona. *See Manufacturers' Lease Plans, Inc. v. Alverson Draughon College,* 115 Ariz 358, 565 P2d 864 (1977).

[4] The lease provides that Florida law shall be applied in resolving any disputes between the parties. Oregon courts are competent to apply Florida law.