Argued and submitted July 26, reversed and remanded October 11, 1989

MARVEL,
*Appellant,*

*v.*

PENNINGTON GMC, INC.,
*Respondent.*

(88C 660883; CA A50194)

780 P2d 760

Kurt L. Maul, Portland, argued the cause for appellant. With him on the briefs was Hampson, Bayless, Murphy & Stiner, Portland.

J. Rion Bourgeois, Portland, argued the cause and filed the brief for respondent.

Before Joseph, Chief Judge, and Riggs and Edmonds, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Plaintiff appeals from a judgment dismissing his complaint for lack of personal jurisdiction.

Plaintiff filed a complaint in Oregon against defendant, a Delaware corporation doing business in Colorado, for breach of contract and fraud. The complaint alleges: Defendant had placed an advertisement in the March and April, 1988, issues of "My Little Salesman Truck Catalog" offering for sale a 1979 Freightliner truck; the catalog was published in Eugene and was distributed in Portland; the truck was advertised as having a 3.70 ratio rear end; plaintiff phoned defendant from Portland; and defendant's representative told plaintiff that the truck had a 3.70 ratio rear end. It further alleges that plaintiff bought the truck for $18,080 in reliance on defendant's representation that it was equipped with a 3.70 ratio rear end but that it actually had a 4.44 ratio rear end, which made it unsuitable for plaintiff's purposes.

Defendant moved to dismiss the complaint on the ground that the trial court lacked personal jurisdiction. ORCP 21A. The accompanying affidavit, by defendant's president, Pennington, states that defendant is not authorized to transact business in Oregon as a foreign corporation, does not have an office or business location in Oregon and does not have any employes who reside in Oregon or who travel to Oregon on its behalf. It also states that the truck was sold and delivered in Colorado, that plaintiff paid defendant in Colorado and that defendant transfered the title in Colorado. In his affidavit, plaintiff essentially restates the allegations in the complaint and adds that defendant knew that plaintiff resided in Oregon and would return with the truck to Oregon after the purchase had been completed.

Oregon's rules for obtaining personal jurisdiction are ORCP 4. Plaintiff relies on ORCP 4C, 4D and 4L.[1] We must

---

[1] The relevant provisions of ORCP 4 are:

"A court of this state having jurisdiction of the subject matter had jurisdiction over a party served in an action pursuant to Rule 7 under any of the following circumstances:

"* * * * *

"C. Local act or omission. In any action claiming injury to person or property within or without this state arising out of an act or omission within this state by

first consider whether the case falls within ORCP 4C, 4D or both. *See State ex rel Michelin v. Wells,* 294 Or 296, 299, 657 P2d 207 (1982). If neither of those specific provisions applies, we must then determine whether due process permits Oregon to exercise personal jurisdiction over the defendant. ORCP 4L; *State ex rel Hydraulic Servocontrols v. Dale,* 294 Or 381, 384, 657 P 2d 211 (1982); *Regal Manufacturing v. Louisiana Glass, Inc.,* 83 Or App 463, 466, 731 P2d 1066, *rev den* 303 Or 454 (1987). Plaintiff has the burden to allege facts sufficient to establish jurisdiction. *See Nike, Inc. v. Spencer,* 75 Or App 362, 366, 707 P2d 589, *rev den* 300 Or 451 (1985). We must assume the truth of all of plaintiff's well pleaded allegations and of any facts that may be adduced as proof of the allegations. *See Brennen v. City of Eugene,* 285 Or 401, 404, 591 P 2d 719 (1979).

Defendant contends that this case does not fall within ORCP 4C or 4D, because plaintiff did not incur any "injury" to person or property, as required by those rules. It argues that making repairs and losing profits in Oregon is not an "injury."[2] It also contends that the injury must occur in Oregon for either ORCP 4C or 4D to apply. Defendant is wrong.

■     Defendant misconstrues the meaning of "injury."

---

defendant.

"D. Local Injury; Foreign Act. In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury, either:

"D. (1) Solicitation or service activities were carried on within this state on behalf of the defendant; or

"D. (2) Products, materials, or things distributed, processed, served, or manufactured by the defendant were used or consumed within this state in the ordinary course of trade.

"* * * * *

"L. Other actions. Notwithstanding a failure to satisfy the requirement of sections B through K of this rule, in any action where prosecution of the action against a defendant in this state is not inconsistent with the constitution of this state or the constitution of the United States."

[2] Defendant claims that *State ex rel Michelin v. Wells, supra,* held that effecting repairs and losing profits in Oregon does not bring defendant within any of the specific provisions of ORCP 4. However, that is not what the Supreme Court held in *Michelin,* where the complaint lacked allegations of any facts as to where the tire, which exploded and caused damage, was purchased, installed or used. As a result, the plaintiff had failed to allege sufficient facts to support jurisdiction under any of the specific provisions of ORCP 4.

The cost of replacing the rear end and plaintiff's lost profits are the damages incurred as a result of the injury of breaching the contract or committing fraud. An injury occurs at the time that the claim accrues. *Oksenholt v. Lederle Laboratories, Inc.,* 294 Or 213, 217, 656 P2d 293 (1982). In deciding whether Oregon courts have personal jurisdiction over a nonresident defendant, our inquiry is limited to the specific circumstances relating to the alleged injury. We are not concerned with the merits of plaintiff's claims but merely with whether the circumstances involved in this case meet the requirements of ORCP 4C or 4D.

ORCP 4C does not require that the injury occur in Oregon. The statute expressly recognizes that the injury may occur "within or without" Oregon, but it must arise from "an act or omission [committed] within" Oregon. Therefore, it is what happened in Oregon, not the situs of the injury, that provides the contact necessary for jurisdiction under ORCP 4C.

On the other hand, ORCP 4D requires that the claimed injury occur in Oregon and presupposes that an act or omission causing the injury occurred outside the state. Aside from the injury, the rule requires additional contact with Oregon, although not necessarily related to the claim, as defined in ORCP 4D(1) and (2).

Although defendant's particular arguments do not work, we must still consider whether the facts alleged establish jurisdiction over defendant under ORCP 4C or 4D. They show that the injury occurred when plaintiff purchased the truck in reliance on defendant's misrepresentation. At that time, plaintiff was in Colorado. Plaintiff does not allege that he made a contract over the phone while still in Oregon or any other facts that would bring defendant's acts within the ambit of ORCP 4D.

However, ORCP 4C applies, because defendant committed acts in Oregon from which the injury arose. Defendant advertised the truck in an Oregon sales catalog and represented that the truck had a 3.70 ratio rear end. Plaintiff read the advertisement in Oregon. In a telephone conversation with plaintiff, who was in Oregon, defendant promised that the truck was as advertised. Those representations, written and oral and made in Oregon, allegedly led plaintiff to go to

Colorado to purchase the truck, where he sustained his injury. Plaintiff has alleged sufficient facts to establish personal jurisdiction over defendant under ORCP 4C.

Reversed and remanded.