Argued and submitted January 22, reversed and remanded April 25, 1990

# LENHARDT,
*Appellant,*

*v.*

# STAFFORD,
*Respondent.*

(88C-10895; CA A60596)

790 P2d 557

Robert L. Engle, Woodburn, argued the cause for appellant. With him on the briefs was Eichsteadt, Bolland, Engle & Schmidtman, Salem.

Rodney C. Zeeb, Salem, filed the brief for respondent.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

## RIGGS, J.

In this action for breach of contract, the trial court granted defendant's motion to dismiss for lack of personal jurisdiction. We reverse.

The complaint and the accompanying affidavit allege these facts. Plaintiff is an Oregon resident who purchases and restores military aircraft for civilian use. In February, 1988, Guthrie, a Washington resident, contacted him to inquire about purchasing a Model No. UH1-L Bell helicopter. Plaintiff told Guthrie that, although he did not have that particular aircraft available, he would attempt to locate one. Plaintiff then contacted Western International (Western) in Tucson, Arizona, a company that recycles military planes for civilian use. Western informed plaintiff that defendant, a Florida resident, was attempting to sell a UH1-L Bell helicopter. Plaintiff called defendant in Florida, and defendant stated that he was willing to sell the helicopter for $180,000 cash.

Plaintiff called Guthrie in Washington; he was interested in purchasing the aircraft for $190,000 on the condition that it could be licensed immediately by the Federal Aeronautics Administration (FAA). Plaintiff told Guthrie that defendant would return $10,000 of the purchase price to plaintiff as a commission for the sale.

Plaintiff then placed a second call to defendant, offered to put him in contact with Guthrie and told defendant that he would be willing to provide Guthrie with a letter of authority to use plaintiff's Type Certificate, thereby enabling him to obtain immediate licensing.[1] In addition to the letter, plaintiff would also deliver all manuals that he had relating to that model of aircraft in return for defendant's payment of a $10,000 commission. Defendant accepted plaintiff's offer and promised to pay the commission on receipt of the purchase price and delivery of the letter of authority and the manuals to Guthrie.

---

[1] Civilians who wish to license former military aircraft must have either a specific Type Certificate or a letter of authority to use someone else's certificate. Plaintiff has a Type Certificate relating to Model UH1-E, UH1-L and TH1-L aircraft. The FAA has licensed only about 50 aircraft within the "L" Type Certificates Model category for civilian use within the United States. In his affidavit, plaintiff estimated the worth of the certificate at $3,000 to $5,000 and stated that the licensing procedure usually involves the filing of an application and several months of waiting.

Guthrie wired defendant $100,000 in late February, 1988, and, in early March, he delivered the final payment when he took possession of the helicopter in Arizona. Later that month, Guthrie came to plaintiff's place of business in Oregon, and plaintiff delivered the letter of authority and the manuals. When plaintiff failed to receive $10,000 from defendant, he contacted defendant and demanded payment. Although defendant orally confirmed their agreement, he refused to pay the commission. Plaintiff then sued for breach of contract in Oregon.

Plaintiff argues that the trial court erred in granting defendant's motion to dismiss, because ORCP 4(E)(1),(4) and 4(L)[2] give Oregon courts personal jurisdiction over the Florida defendant. We agree.

ORCP 4(B) through (K) enumerate specific bases for exercising long-arm jurisdiction over out-of-state defendants. *Nike Inc. v. Spencer,* 75 Or App 362, 366, 707 P2d 589, *rev den* 300 Or 451 (1985). "[I]f a case falls within one of them, there is no need to litigate the more involved issues of due process." *State ex rel Hydraulic Servocontrols Co. v. Dale,* 294 Or 381, 384, 657 P2d 211 (1982).

Before the 1989 amendments,[3] ORCP 4(E)(1) conferred jurisdiction in any action that

"[a]rises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to perform services within this state, to pay for services to be performed in this state by the plaintiff, or to guarantee payment for such services[.]"

---

[2] Because the facts and allegations contained in the complaint and the affidavit satisfy both ORCP 4(E)(1) and (4), we need not decide whether there is jurisdiction under ORCP 4(L), "the catchall provision extending Oregon jurisdiction to the outer limits of due process under the Fourteenth Amendment." *Regal Manufacturing Co. v. Louisiana Glass, Inc.,* 83 Or App 463, 466, 731 P2d 1066, *rev den* 303 Or 454 (1987).

[3] ORCP 4(E) now provides, in pertinent part:

"In any action or proceeding which:

"(1) Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to perform services within this state or to pay for services to be performed in this state by the plaintiff; or

"* * * * *

"(4) Relates to goods, documents of title, or other things of value sent from this state by the defendant to the plaintiff or to a third person on the plaintiff's order or direction[.]"

The complaint alleges that defendant promised to pay plaintiff a $10,000 sales commission for "services to be performed in this state by plaintiff." Those services included arranging for the sale of the helicopter and for the delivery of the aircraft manuals and the letter of authority.

At the relevant time, ORCP 4(E)(4) conferred jurisdiction in any action that

"[r]elates to goods, documents of title, or other things of value sent from this state by the plaintiff to the defendant [or to a third person] on the defendant's order or direction or sent to a third person when payment for such goods, documents, or things was guaranteed by defendant[.]"

Here, the manuals and the letter of authority are "goods" or "things of value" that were delivered from Oregon to a third person, the buyer, "on the defendant's order or direction * * * when payment for such * * * things was guaranteed [in the form of a $10,000 commission] by defendant."

We conclude that the complaint and the affidavit contain sufficient allegations and facts to establish personal jurisdiction over the nonresident defendant under both ORCP 4(E)(1) and (4).

Reversed and remanded.