Argued and submitted July 18, reversed and remanded December 26, 1990

## COLUMBIA BOAT SALES, INC.,
*Appellant,*

*v.*

## ISLAND PACKET YACHTS,
*Respondent.*

(A8907-03871; CA A62504)

803 P2d 283

William P. Horton, Portland, argued the cause for appellant. With him on the briefs was Parks, Allen, Livingston & Greif, Portland.

Timothy J. Conway, Portland, argued the cause for

respondent. With him on the brief was Tonkon, Torp, Galen, Marmaduke & Booth, Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

Warren, P. J., specially concurring.

## EDMONDS, J.

Plaintiff appeals an order dismissing its complaint for lack of personal jurisdiction. ORCP 21A. We reverse.

Plaintiff is an Oregon corporation engaged in the business of retail sales of yachts and boats. Defendant is a Florida corporation that builds and sells yachts to retailers for resale. In November, 1988, plaintiff called defendant in Florida and contracted to purchase a yacht. As part of that transaction, plaintiff agreed to become one of defendant's dealers. In December, 1988, plaintiff, at defendant's request, sent defendant $2,000 of a $3,000 deposit on the yacht.[1] On March 10, 1989, defendant mailed plaintiff a memorandum confirming the transaction. It was accompanied by a production order and invoice form. On March 24, 1989, defendant mailed plaintiff a congratulatory letter welcoming plaintiff as a dealer.

Sometime after receiving the letter, plaintiff entered into a contract to sell the yacht to a third party. Defendant failed to deliver the vessel. Plaintiff brought this breach of contract action alleging damages for lost profits, because it was required to obtain a substitute vessel for its customer at a higher price.

Plaintiff argues that jurisdiction over defendant is proper under ORCP 4C, D, E or L. Defendant contends that plaintiff did not specifically rely on ORCP 4C or D in the trial court and, therefore, cannot assert those bases for jurisdiction on appeal. We disagree. Plaintiff raised the issue of personal jurisdiction below, and that is enough. *See State v. Hitz,* 307 Or 183, 188, 766 P2d 373 (1988).

ORCP 4D(1) provides for jurisdiction

"[i]n any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of injury, either:

"* * * * *

---

[1] Plaintiff submitted an affidavit stating that the $2,000 was a deposit on the yacht. Defendant submitted an affidavit stating that the $2,000 was "part of plaintiff's request to become an Island Packet dealer." Although not explicitly stated, it appears that plaintiff could buy a yacht from defendant for resale only if it became one of defendant's dealers.

"D.(1) Solicitation or *service activities* were carried on within this state by or on behalf of the defendant[.]" (Emphasis supplied.)

We said in *Marvel v. Pennington GMC, Inc.*, 98 Or App 612, 616, 780 P2d 760 (1989):

"ORCP 4D requires that the claimed injury occur in Oregon and presupposes that an act or omission causing the injury occurred outside the state. Aside from the injury, *the rule requires additional contact with Oregon*, although not necessarily related to the claim, *as defined in ORCP 4D(1) and (2)*." (Emphasis supplied.)

Plaintiff's complaint satisfies the requirements of ORCP 4D: It alleges an "injury to person or property within this state" by claiming that it suffered a loss of profits in Oregon. Further, it alleges an "an act or omission outside this state by the defendant"; that is, defendant's failure to deliver the yacht in Florida. Finally, it alleges conduct that complies with ORCP 4D(1). "Service" is the "perform[ance] of any of the business functions auxiliary to production or distribution." *Webster's Third New International Dictionary* 2075 (1976).[2] After plaintiff entered into a contract to purchase a yacht built by defendant, defendant sent plaintiff in Oregon a memorandum confirming the transactions, a building order and invoice form and a congratulatory letter welcoming plaintiff to its network. Those actions constitute "service activities," because they were auxiliary to the production and distribution of defendant's product. Because we conclude that plaintiff has alleged sufficient facts to establish personal jurisdiction over defendant under ORCP 4D(1), we need not address plaintiff's assertions regarding ORCP 4C, E and L.

---

[2] The legislative history does not indicate what the drafters intended by "service activities." ORCP 4D(1) is modeled after Wisc Stat Ann § 801.05(4) (West 1977). The commentary to that provision states:

"[V]ery little more by way of additional contact is required for the exercise of personal jurisdiction in these cases. This concept that personal jurisdiction may be grounded on the contacts made up of the local injury plus something more (often very little more) has grown recently and rapidly out of the older 'doing business' concept." Revision Notes to Wisc Stat Ann § 801.04(5) at 63.

That suggests that however "service activities" is defined, it was intended to be broadly construed.

*State ex rel Hydraulic Servocontrols v. Dale,* 294 Or 381, 384, 657 P2d 211 (1982).[3]

Reversed and remanded.

**WARREN, P. J.,** specially concurring.

I agree with the majority that the trial court had jurisdiction in this case. However, because I believe that jurisdiction is not proper under ORCP 4D but is proper under ORCP 4L, I cannot join in the majority opinion.

The majority is correct that this action involves an alleged injury to property in Oregon arising out of defendant's action or omission out of state. It is wrong in concluding that defendant's Oregon activities constitute "service activities * * * carried on within this state by or on behalf of the defendant[.]" The "service activities" that the majority claims defendant carried on *in Oregon* are that defendant: (1) sent to Oregon from Florida a letter confirming the transaction; (2) sent to Oregon from Florida a building order and invoice form; and (3) sent to Oregon from Florida a congratulatory letter welcoming plaintiff to its network. All of those "activities" were related to consummation of the contract. I fail to see how merely sending confirming letters or memoranda can constitute the additional requirement of "service activities" sufficient to support jurisdiction where it otherwise would not exist.

The majority reaches the correct result, however, because Oregon can lawfully exercise jurisdiction under

---

[3] Contrary to the holding of *State ex rel Hydraulic Servocontrols v. Dale, supra,* the court in *Gray & Co. v. Firstenberg Machinery Co.,* 913 F2d 758 (9th Cir 1990) held that, in order to establish personal jurisdiction, a plaintiff must show that the foreign state's long-arm statute confers personal jurisdiction over the out-of-state defendant *and* that the exercise of jurisdiction does not violate federal constitutional principles of due process. Defendant does not make that argument here. The statement, "[f]urthermore, any jurisdiction must comport with due process" in defendant's brief, which is relied on by the concurring opinion, is in the context of an argument that, "as a matter of constitutional due process, there is no jurisdiction over defendant." In other words, defendant makes separate arguments to defeat jurisdiction under standards imposed by ORCP 4L and the constitution. However, it does not argue that, to acquire jurisdiction, plaintiff must prove compliance with both.

ORCP 4L.[1] That rule provides that courts of this state have jurisdiction

"[n]otwithstanding a failure to satisfy the requirement of sections B. through K. of this rule, in any action where prosecution of the action against a defendant in this state is not inconsistent with the Constitution of this state or the Constitution of the United States."

When considering whether the courts of this state can exercise personal jurisdiction over an out-of-state defendant on the basis of a single act, we consider three criteria:

"First, the defendant must purposefully avail himself of the privilege of acting in the forum state or of causing important consequences in that state. Second, the cause of action must arise from the consequences in the forum state of the defendant's activities. Finally, the activities of the defendant or the consequences of those activities must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *State ex rel White Lbr. v. Sulmonetti,* 252 Or 121, 127, 448 P2d 571 (1968).

*Accord: Burger King Corp. v. Rudzewicz,* 471 US 462, 105 S Ct 2174, 85 L Ed 2d 528 (1985).

Columbia argues that Island Packet purposefully availed itself of the privilege of acting in Oregon by entering into a dealership agreement with Columbia. Further, it argues that Island Packet caused important consequences in Oregon by inducing it to send $2,000 from Oregon to Florida.

In *Burger King Corp. v. Rudzewicz, supra,* the Supreme Court stated:

"Jurisdiction is proper * * * where the contacts proximately

---

[1] I also question the majority's exclusive reliance on ORCP 4D for jurisdiction. Despite our past reliance on the language of *State ex rel Hydraulic Servocontrols v. Dale,* 294 Or 381, 384, 657 P2d 211 (1982), that, "if a case falls within [ORCP 4B through K], there is no need to litigate more involved issues of due process," *e.g., Lenhardt v. Stafford,* 101 Or App 400, 403, 790 P2d 557 (1990), a closer reading of *Hydraulic Servocontrols* leads me to conclude that that language is *dictum.* Accordingly, I think that, even if the majority is right that the facts of this case fall within ORCP 4D, we nonetheless must consider whether the exercise of jurisdiction is within the limits of due process. *See Gray & Co. v. Firstenberg Machinery Co.,* 913 F2d 758, 760 n 1 (9th Cir 1990). I disagree with the majority's statement that "[d]efendant does not make that argument here." In its brief, defendant argues that jurisdiction is not proper under any of the provisions of ORCP 4 on which plaintiff relies. It then argues that, "[f]urthermore, any jurisdiction must comport with due process."

result from actions by the defendant *himself* that create a 'substantial connection' with the forum State. Thus where the defendant 'deliberately' has engaged in significant activities within a State, or has created 'continuing obligations' between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there * * *." 471 US at 475. (Citations omitted; emphasis in original.)

I conclude that the mailing of $2,000 by Columbia to Florida, without more, would not constitute "important consequences" sufficient to meet the requirement. However, agreeing to enter into a dealership relationship, which I infer would include "continuing obligations," is enough to show that Island Packet purposefully availed itself of the privilege of acting in Oregon.

Next, the cause of action must arise from consequences in the forum state of the defendant's activities. This means that "there must be at least one contact with the forum state which is substantively relevant to the cause of action[.]" *State ex rel Michelin v. Wells,* 294 Or 296, 302, 657 P2d 207 (1982). Columbia's action is for breach of a contract to provide a yacht. Island Packet's alleged breach of that contract caused Columbia to lose profits in Oregon, because Columbia was forced to obtain a yacht for its retail customer from another builder as a substitute for the yacht that it alleges Island Packet had promised to provide. Accordingly, the second requirement is met.

Finally, the consequences of Island Packet's activities must have a substantial enough connection with Oregon to make jurisdiction in this state reasonable. *State ex rel White Lbr. v. Sulmonetti, supra,* 252 Or at 127. "[W]here a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that [the exercise of] jurisdiction [would be] unreasonable." *Burger King Corp. v. Rudezewicz, supra,* 471 US at 477. Island Packet has not presented any reason why the exercise of jurisdiction in Oregon would be unreasonable, and I see none.

Accordingly, I concur only in the result reached by the majority.