Argued and submitted February 3, 1992, affirmed April 22, reconsideration denied
July 15, petition for review denied September 29, 1992 (314 Or 391)

# William D. SHOWALTER,
## dba Aero Pacific Helicopters,
### *Appellant,*

*v.*

# EDWARDS AND ASSOCIATES, INC.,
### *Respondent.*

## (9004-02371; CA A67555)

831 P2d 58

William T. Powers, Portland, argued the cause and filed the brief for appellant.

I. Franklin Hunsaker, Portland, argued the cause for respondent. With him on the brief were Michael R. Seidl and Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiff brought this action for breach of contract. The trial court granted defendant's motion to dismiss for lack of personal jurisdiction. ORCP 21A(2). We affirm.

Plaintiff is a broker who sells helicopters and helicopter parts on a commission basis. He alleged that defendant, a Tennessee corporation, agreed to pay him a finder's fee to find a purchaser for a helicopter. He alleged that he found a purchaser, the Los Angeles County Fire Department (LAFD), but that the fee was not paid. Defendant appeared specially, moving to dismiss on the ground that the court lacked personal jurisdiction. The motion was accompanied by affidavits of McNab, president of defendant, and Shand, director and sole shareholder of Marbrook Holdings, Ltd., a Canadian corporation. Plaintiff responded and filed his affidavit, exhibits and a transcript of the telephonic deposition of McNab.

The parties' evidence showed that defendant maintains no office and has no employees or agents residing or working in Oregon. It employs its own sales representatives to negotiate the sale of helicopters, although it has paid commissions to non-employees on sales. It advertises monthly in national trade magazines, which are sold in Oregon, and in 1983 and 1989, respectively, it sold a helicopter to Oregon buyers. Neither sale involved plaintiff or is related to this matter. Defendant had purchased the helicopter in question here from the Mexican government and had arranged for Marbrook to transport it from Mexico to Canada and to supervise repairs in Canada. The helicopter was never in Oregon.

Plaintiff and Shand have dealt with each other in the sale of helicopters for about 10 years. In July, 1989, plaintiff met with Shand in Canada. Plaintiff's affidavit asserted that Shand told plaintiff to "go ahead" and find a buyer for the helicopter and discussed the finder's fee. When plaintiff returned to Oregon, he made five phone calls to LAFD and several calls to Shand. He left messages regarding the helicopter with persons at the LAFD but did not speak with Sanchez, the authorized buyer, until after Sanchez had travelled to Canada to inspect it. LAFD directly contacted defendant and,

in November, 1989, defendant sold the helicopter to the LAFD, with which it had done business on several previous occasions.

Shand's affidavit stated that he had told plaintiff to contact defendant about the sale, because he had no authority to make arrangements regarding the sale. Plaintiff did not contact defendant and denied being told to do so. Shand stated that he never told defendant of plaintiff's contact and denied ever representing that he was defendant's agent or representative. Plaintiff stated that Shand never implied that he lacked authority to authorize the sale of the helicopter and that, by all appearances, Shand worked for defendant and had such authority. Plaintiff also stated that Sanchez told him that Sanchez had discussed plaintiff with defendant's president, McNab. McNab stated that he was the only one with authority to arrange for the sale and that he had never heard of plaintiff until this litigation.

Plaintiff argues that when "the question of jurisdiction is dependent on resolution of factual issues going to the merits, jurisdictional determination should await a determination of relevant facts on either [a] motion going to [the] merits or at trial." He contends that the correct standard is the one applicable to a motion for summary judgment so that the moving party should prevail only if material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.[1]

---

[1] ORCP 21A provides, in part:

"If, on a motion to dismiss asserting [the defense of lack of personal jurisdiction] the facts constituting such defense * * * do not appear on the face of the pleading and matters outside the pleading, including affidavits and other evidence, are presented to the court, all parties shall be given a reasonable opportunity to present evidence and affidavits, and the court may determine the existence or nonexistence of the facts supporting such defense or may defer such determination until further discovery or until trial on the merits."

Even though the rule allows a trial court to defer determination, personal jurisdiction is a threshold issue that must be determined at the time of defendant's motion to dismiss. Requiring a defendant to appear on the merits would run afoul of the rule that a defendant who does so waives any objection to personal jurisdiction. *See Williams v. Seufert Bros. Co.*, 96 Or 163, 188 P 165, 189 P 636 (1920). That rule was not changed by ORCP 21, under which a challenge to the denial of a motion to dismiss is made by mandamus. *See State ex rel Hydraulic Servocontrols v. Dale*, 294 Or 381, 657 P2d 211 (1982).

■■ Resolution of the disputes about the role of Shand and the existence of a contract between defendant and plaintiff goes to the merits of plaintiff's claim, but their resolution is not required to determine the jurisdictional inquiry. *See State ex rel White Lbr. v. Sulmonetti*, 252 Or 121, 124, 448 P2d 571 (1968). Our inquiry is whether the circumstances involved meet the jurisdictional requirements of ORCP 4. *Marvel v. Pennington GMC, Inc.*, 98 Or App 612, 616, 780 P2d 760 (1989). Plaintiff bears the burden of alleging and proving facts sufficient to establish jurisdiction. *State ex rel Sweere v. Crookham*, 289 Or 3, 7, 609 P2d 361 (1980). He may not rest on conclusory allegations. *State ex rel Michelin v. Wells*, 294 Or 296, 301, 657 P2d 207 (1982). Construing the pleadings and affidavits liberally in support of jurisdiction, *see State ex rel Michelin v. Well, supra*, we conclude that plaintiff did not meet his burden.

■■ Plaintiff relies primarily on ORCP 4E(1) and (2), which provide for jurisdiction in any action that

"[a]rises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by the defendant to perform services within this state by the plaintiff; or

"Arises out of services actually performed for the plaintiff by the defendant within this state or services actually performed for the defendant by the plaintiff within this state, if such performance within this state was authorized or ratified by the defendant * * *[.]"

To establish jurisdiction under ORCP 4E(1) or (2), plaintiff must show that *defendant* either promised to pay for services to be performed in Oregon by plaintiff or authorized or ratified services that plaintiff actually performed. Plaintiff has not done that. To show defendant's conduct, he has relied entirely on the alleged statements of Shand. Although agency may be implied from the apparent relations and conduct of the parties, *Durham v. Warnberg*, 62 Or App 378, 382, 660 P2d 208 (1983), there is no evidence to show that defendant conducted its relationship with Shand in a manner such that plaintiff could reasonably have concluded that Shand had the authority from defendant to authorize the sale. *See Jones v. Nunley*, 274 Or 591, 595, 547 P2d 616 (1976).

■ Shand had assisted defendant in purchasing, transporting and repairing the helicopter, and plaintiff and Shand

had dealt with each other in the sale of helicopters for about ten years. However, none of those dealings involved defendant, and there was neither any allegation nor any evidence that Shand had previously acted as an agent for defendant in the sale of helicopters. The only basis for Shand's authority is plaintiff's assertion that Shand told him to sell it. Assuming the truth of that assertion, plaintiff cannot rely only on the statements of the purported agent to show the existence of an agency. *See Jones v. Tri-State Realty*, 46 Or App 159, 163, 611 P2d 312 (1980).

Plaintiff argues that this case is controlled by *Lenhardt v. Stafford*, 101 Or App 400, 790 P2d 557 (1990), in which the plaintiff, also an Oregon resident who dealt in helicopters, made two phone calls to the nonresident defendant in arranging the sale of a helicopter. His reliance on that case is misplaced. We held that jurisdiction was established under ORCP 4E(4), as it read at that time, not because of the telephone calls, but because the plaintiff had delivered manuals and a letter of authority from the Federal Aviation Authority, which were goods or things of value delivered from Oregon to the purchaser on the direction of the defendant. Nevertheless, plaintiff argues that the phone calls that plaintiff made—standing alone—were sufficient to establish personal jurisdiction. Even assuming that jurisdiction can be created telephonically, plaintiff did not show that his phone calls were with defendant or any authorized agent of defendant.[2]

■ ■ Plaintiff did not establish jurisdiction under one of the specific bases in ORCP 4. He also failed to show personal jurisdiction under ORCP 4L, the catchall provision intended to extend Oregon jurisdiction to the limits of due process. *State ex rel Hydraulic Servocontrols v. Dale, supra* n 1, 294 Or at 384 n 2. One way to determine whether a defendant's contacts with the forum state have been such that it is reasonable for the state to exercise jurisdiction is the forseeability of an action in the forum state. That determination

---

[2] Plaintiff has alleged no act by defendant in Oregon that could give Oregon jurisdiction under ORCP 4C. That provision creates jurisdiction when there is an injury "arising out of an act or omission within this state by the defendant." We also reject plaintiff's argument that defendant's advertisements in national magazines and two previous sales in Oregon are sufficient to meet the jurisdictional requirements of ORCP 4D or ORCP 4A(4).

depends on the defendant's conduct and connection with the forum state rather than the unilateral activity of a plaintiff. *State ex rel Hydraulic Servocontrols v. Dale, supra* n 1, 294 Or at 388. Here, plaintiff sought to establish jurisdiction by *his* acts of travelling to Canada, allegedly obtaining permission from defendant's agent to sell defendant's helicopter and making telephone calls from Oregon to a potential buyer. He did not allege facts to show that defendant purposely availed itself of the privilege of acting in Oregon. *See Columbia Boat Sales v. Island Packet Yachts*, 105 Or App 85, 803 P2d 283 (1990) (Warren, J., specially concurring).

■    The only contacts that plaintiff has asserted that defendant has with Oregon are its advertisements in national publications and two unrelated helicopter sales. We conclude that those are not sufficient to establish personal jurisdiction in this instance. In *State ex rel Hydraulic Servocontrols v. Dale, supra* n 1, the plaintiff designed and manufactured a product that was used in Cessna aircraft. The aircraft, in turn, were sold in a nationwide market. The Supreme Court held that, by undertaking that economic activity, Hydraulic's expectation was that its products ultimately would rest in every state, including Oregon. It held that, because Hydraulic had sold a product with the intention of deriving economic benefit from a national market that included Oregon, it could expect to be sued in Oregon when its product was purchased in, and caused injury in, Oregon.

Defendant does not engage in economic activity with the expectation that its products ultimately will come to rest in every state. Its business—the service, refurbishing and sale of new and used helicopters—is not regularly transacted in Oregon. Any relationship that it ever had with Oregon arises only in the context of discrete, isolated transactions. Although advertising in national publications might result in a sale involving Oregon, that possibility alone is not the same as placing a product in a nationwide market with expectations of resulting general economic benefit in Oregon. Neither do two sales in six years give rise to those expectations. On the basis of its contacts with Oregon, defendant could not reasonably be held to foresee that it would be sued in Oregon when there was only a possibility that its product might have a contact with Oregon and that possibility did not occur. We

hold that defendant's conduct does not demonstrate a connection with Oregon substantial enough to meet due process requirements for personal jurisdiction.

Affirmed.