Argued and submitted March 17, affirmed July 28, reconsideration denied
October 13, 1993, petition for review pending 1994

## Stan AMUNDSON,
### dba Prestige and Collector Auto Sales, Inc.,
*Appellant,*

*v.*

## Reggie JACKSON,
### aka Reggie Jackson Automotive Management, Inc.,
*Respondent.*

### (CV89-259; CA A74446)

857 P2d 155

William B. Wyllie, Salem, argued the cause and filed the briefs for appellant.

James M. Brown, Salem, argued the cause for respondent. With him on the brief was Enfield, Guimond & Brown, Salem.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

**RIGGS, J.**

Plaintiff appeals from a judgment of dismissal. We affirm.

Plaintiff is an Oregon dealer in collector cars. He attended a car auction in San Francisco, where he bought a Chevrolet Camaro convertible from defendant, a California-based dealer in collector cars. Defendant invited plaintiff to visit his warehouse, which plaintiff did the day after the auction. At the warehouse, plaintiff agreed to purchase a 1970 Boss 302 Mustang and a 1965 Pontiac GTO convertible. Plaintiff transported the cars from the warehouse. Some days after the agreement, plaintiff paid for the cars by a check drawn on an Oregon bank and defendant sent the car titles to Oregon.

Plaintiff later decided that the Mustang and the GTO were not as represented because they did not have their original engines. He sued defendant in Oregon for breach of contract, fraud and misrepresentation. Defendant filed a motion to dismiss based on a lack of personal jurisdiction. ORCP 21A(2). That motion was denied. Defendant next filed a petition for a writ of mandamus with the Oregon Supreme Court seeking to compel the trial court to dismiss the action for lack of personal jurisdiction. That petition was denied. Defendant then answered, and also alleged lack of personal jurisdiction as an affirmative defense. The case was tried to the court. At the close of plaintiff's evidence, defendant moved for a directed verdict, arguing that plaintiff's evidence did not support personal jurisdiction. The court granted the motion and entered a judgment of dismissal. We treat the motion as an ORCP 21A motion to dismiss.

■ Plaintiff first argues that defendant could not bring a motion to dismiss for lack of personal jurisdiction after he defended on the merits. ORCP 21A specifically contemplates a defendant moving to dismiss for lack of personal jurisdiction at trial:

> "If, on a motion to dismiss asserting [a lack of personal jurisdiction] the facts constituting such defenses do not appear on the face of the pleading and matters outside the

> pleading, including affidavits and other evidence, are presented to the court * * * the court may determine the existence or nonexistence of the facts supporting such defense or may defer determination until further discovery or until trial on the merits."

*See also North Pacific v. Guarisco*, 293 Or 341, 647 P2d 920 (1982). Defendant did not waive his objection to personal jurisdiction by defending on the merits.

■ Plaintiff next argues that Oregon had personal jurisdiction over defendant under ORCP 4E(5), which confers personal jurisdiction in any action which "[r]elates to goods, documents of title or other things of value actually received by the plaintiff in this state from the defendant * * *." Plaintiff argues that Oregon has personal jurisdiction over defendant because he mailed the titles for the Mustang and the GTO to Oregon and thus this case "relates" to documents of title within the meaning of ORCP 4E(5). In *Ron Tonkin Gran Turismo v. Carruth*, 71 Or App 81, 86, 691 P2d 127 (1984), where a Louisiana defendant sent an allegedly nonconforming Ferrari to Oregon, we held that the action for breach "unquestionably" related to *goods* received in Oregon and that ORCP 4E(5) conferred jurisdiction. We did not rely on the fact that the defendant also sent documents of title to Oregon. The plaintiff in *Ron Tonkin* never alleged a breach that implicated the receipt or condition of the title; the litigation centered on whether the defendant had misrepresented the Ferrari's physical condition.

Likewise, plaintiff in this case never alleged a claim that implicated the receipt or condition of the car titles. His claims center on the value the Mustang and the GTO, as well as defendant's representations about their engines. For purposes of ORCP 4E(5), this case "relates to" goods but not documents of title. Whether the car titles were mailed to Oregon or Timbuktu has no substantive relevance to plaintiff's cause of action, so ORCP 4E(5) does not apply.[1]

---

[1] Plaintiff's reliance on *Lenhardt v. Stafford*, 101 Or App 400, 790 P2d 557 (1990), is completely misplaced. In *Lenhardt*, a contract for services required the plaintiff to deliver documents to the defendant in Oregon and the defendant refused to pay. The fact that the documents were delivered was an element of plaintiff's claim for breach of contract and we held that ORCP 4E(5) applied.

■     Plaintiff also argues that defendant's acceptance of checks drawn on Oregon banks as payment for the two cars supports application of ORCP 4E(5). This argument is puzzling for two reasons. ORCP 4E(5) applies to things of value sent by a defendant *to* Oregon. Presumably, plaintiff meant to invoke ORCP 4E(4), which pertains to things of value sent *from* this state. But ORCP 4E(4) does not help plaintiff. The origin of a bank check is of "little consequence" for purposes of determining contacts with the forum state. *Heliocopteros Nacionales de Colombia v. Hall*, 466 US 408, 416, 104 S Ct 1868, 80 L Ed 2d 404 (1984).

■     Plaintiff finally argues that, even if ORCP 4E(5) does not confer jurisdiction, ORCP 4L does. ORCP 4L extends Oregon jurisdiction to the furthest limits of due process. *State ex rel Hydraulic Servocontrols v. Dale*, 294 Or 381, 384 n 2, 657 P2d 211 (1982). ORCP 4L applies where there are minimum contacts with Oregon. 294 Or at 385. "Minimum contacts" refer to substantively relevant, forum-related facts. 294 Or at 389. The only facts that plaintiff cites in support of jurisdiction under ORCP 4L are the Oregon checks and the delivery of car titles in Oregon. Because these facts have negligible relevance, they cannot support jurisdiction under ORCP 4L.

Affirmed.