Argued and submitted May 7, peremptory writ to issue July 1, 1993

STATE ex rel CIRCUS CIRCUS RENO, INC.;
Circus Circus Casinos, Inc.;
and Circus Circus Enterprises, Inc.,
*Plaintiffs-Relators,*

*v.*

Honorable Milo POPE,
Judge of the Circuit Court for Grant County,
*Defendant.*

(SC S39868)

854 P2d 461

Rex Armstrong, of Bogle & Gates, Portland, argued the cause and filed the briefs for plaintiffs-relators.

Laura A. Schroeder, Portland, argued the cause for defendant. Steven R. Scharfstein, certified law student, filed the brief.

Anthony A. Allen, Salem, filed a brief on behalf of *amicus curiae* Oregon Trial Lawyers Association.

GRABER, J.

## GRABER, J.

This original mandamus proceeding is brought by Circus Circus Reno, Inc., Circus Circus Casinos, Inc., and Circus Circus Enterprises, Inc. (collectively, Circus Circus), to compel defendant judge to dismiss a complaint filed against Circus Circus. Circus Circus owns and operates a hotel in Reno, Nevada. On February 6, 1992, Alfred R. Smith, an Oregon resident who was staying at the hotel, allegedly was injured when he was hit by a full or partially full liquor bottle thrown by an unknown person from a window of the hotel. Smith brought an action for negligence against Circus Circus in Grant County Circuit Court. Circus Circus moved to dismiss Smith's complaint on the ground that the Oregon court lacks personal jurisdiction over it. Defendant judge denied the motion.

Circus Circus petitioned this court for a writ of mandamus, seeking to require defendant to vacate his order and grant the motion to dismiss the complaint. This court issued an alternative writ of mandamus; defendant declined to change his ruling. We conclude that the circuit court lacks personal jurisdiction over Circus Circus and now direct that a peremptory writ issue.

Jurisdiction of Oregon courts in most civil cases is governed by ORCP 4. In determining whether an Oregon court has jurisdiction over an out-of-state defendant in a case like the present one, this court looks to the provisions of ORCP 4. *State ex rel Michelin v. Wells*, 294 Or 296, 299, 657 P2d 207 (1982). The burden is on the plaintiff below to establish facts sufficient to support the exercise of jurisdiction. *Ibid.*

Smith first argues that Circus Circus is subject to the jurisdiction of the Oregon court under ORCP 4A(4). ORCP 4A(4) provides:

"A court of this state having jurisdiction of the subject matter has jurisdiction over a party served in an action * * * under any of the following circumstances:

"A. In any action, whether arising within or without this state, against a defendant who when the action is commenced:

"* * * * *

"(4)   Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise[.]"

Professor Merrill's treatise explains that jurisdiction under ORCP 4A(4) is "general" jurisdiction, which

"exists whether or not the claim arises from those activities. This type of general jurisdiction developed in early cases holding that foreign corporations were impliedly 'consenting' to jurisdiction or were 'present' within the state. The corporation was subject to jurisdiction under statutes referring to 'doing' or 'transacting' business in the state. The Council [on Court Procedures, which drafted the rules,] felt that 'substantial and not isolated activities' corresponded to the accepted meaning of doing or transacting business in these statutes." Merrill, Jurisdiction and Summons in Oregon 8 (1986).

*See also Helicopteros Nacional de Colombia v. Hall*, 466 US 408, 414 n 9, 104 S Ct 1868, 80 L Ed 2d 404 (1984) ("When a State exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum, the State has been said to be exercising 'general jurisdiction' over the defendant."); *Cubbage v. Merchent*, 744 F2d 665, 667 (9th Cir 1984) ("Where a defendant has 'substantial' or 'continuous and systematic' contacts with the state, a state court may have general personal jurisdiction, even if the cause of action is unrelated to the defendant's forum activities."), *cert den* 470 US 1005 (1985).

It is undisputed by the parties that Circus Circus is not registered to do business in Oregon, pays no business tax here, and has no bank accounts, offices, real estate, employees, or exclusive agents in the state. Smith argues, however, that the activities of Circus Circus in Oregon nevertheless are "substantial," because Circus Circus "regularly" advertises its Reno hotel in *The Oregonian*, because it distributed brochures describing that hotel to Smith's Oregon travel agent, because it maintains a toll-free number for the use of Oregon residents, and because, after Smith reserved a room at its Reno hotel, Circus Circus called Smith at his Oregon residence to confirm the reservation.

We are not persuaded that those activities are "substantial and not isolated activities within this state." ORCP

4A(4). *See* Merrill, *supra*, at 9 (citing *Helicopteros Nacionales de Colombia v. Hall, supra,* for examples of activities that were insufficient to support an exercise of general jurisdiction, including the defendant's negotiation of a contract and purchase of goods in the forum state, its sending personnel to be trained there, and its receipt of payments in checks drawn there). On this record, Circus Circus is not subject to the general personal jurisdiction of the Oregon circuit court under ORCP 4A(4).

■     We next consider whether Circus Circus is subject to the "specific" jurisdiction[1] of the circuit court under some other subsection of ORCP 4. Smith argued below that Circus Circus is subject to specific jurisdiction under ORCP 4D(1), which provides for jurisdiction

"[i]n any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury * * *:

"(1)   Solicitation or service activities were carried on within this state by or on behalf of the defendant[.]"

Professor Merrill's treatise explains:

"Injury within [this] state does not mean that the ultimate * * * consequences of a defendant's act [are] felt within the state. * * * Injury within the state means that the *immediate* effect of the defendant's out-of-state act must occur within the state." Merrill, *supra*, at 21-22 (emphasis added).

*See also State ex rel Michelin v. Wells, supra,* 294 Or at 299 n 2 (where the defendant did not conduct business in Oregon and the accident for which the claim was made occurred in Washington, ORCP 4D did not apply, even though the plaintiff made repairs and lost profits in Oregon).

Smith was injured in Nevada and felt the immediate effects of his injury there. The fact that he continued to experience some effects of the injury after returning to Oregon does not establish jurisdiction under ORCP 4D(1). Circus

---

[1] Professor Merrill's treatise explains that subsections C through K of ORCP 4 provide for "specific" jurisdiction, that is, jurisdiction based on "a relationship between the state and the subject matter of the particular litigation. Jurisdiction [under those subsections] exists only if the action 'arises out of' defined activities by the defendant." Merrill, Jurisdiction and Summons in Oregon 2 (1986).

Circus is not subject to the specific jurisdiction of the Oregon circuit court under that provision.

■     We turn, finally, to the question whether Circus Circus is subject to the jurisdiction of the circuit court under the "catchall" provision, ORCP 4L. *See State ex rel Hydraulic Servocontrols v. Dale*, 294 Or 381, 384-85, 657 P2d 211 (1982) (where the plaintiff alleges facts bringing his or her case within a specific provision of ORCP 4B through K, jurisdiction will be found; lacking such facts, court will consider application of ORCP 4L); *State ex rel Michelin v. Wells, supra*, 294 Or at 299-300 (where the plaintiff had failed to allege facts permitting the assertion of jurisdiction under ORCP 4A, C, or D, court considered whether the defendant was subject to jurisdiction under ORCP 4L). ORCP 4L provides for personal jurisdiction over a defendant,

> "[n]otwithstanding a failure to satisfy the requirements of sections B through K of this rule, in any action where prosecution of the action against a defendant in this state is not inconsistent with the Constitution of this state or the Constitution of the United States."

In determining whether a court may exercise jurisdiction over a defendant under ORCP 4L, this court is guided by decisions of the Supreme Court of the United States regarding the constitutionality of such exercise under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.[2] *See State ex rel Jones v. Crookham*, 296 Or 735, 742, 681 P2d 103 (1984) (Linde, J., concurring) (because Oregon does not have a due process clause in its state constitution, ORCP 4L means, in practice, that an Oregon court has jurisdiction to the limits of due process under the Fourteenth Amendment; those limits are "an issue of federal law to be decided pursuant to the controlling decisions of the United States Supreme Court").[3]

In *World-Wide Volkswagen Corp. v. Woodson*, 444 US 286, 100 S Ct 559, 62 L Ed 2d 490 (1980), the Supreme

---

[2] The Due Process Clause provides:

"[N]or shall any State deprive any person of life, liberty, or property, without due process of law * * *." US Const, Amend XIV, § 1.

[3] Smith does not argue that this case presents any issue of state constitutional law.

Court of the United States affirmed that, under the Due Process Clause, "a state court may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum state." 444 US at 291 (quoting *International Shoe Co. v. Washington*, 326 US 310, 316, 66 S Ct 154, 90 L Ed 95 (1945)). The Court reviewed principles previously established by it in relation to that requirement:

> "We have said that the defendant's contacts with the forum State must be such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. The relationship between the defendant and the forum must be such that it is reasonable * * * to require the corporation to defend the particular suit which is brought there. Implicit in this emphasis on reasonableness is the understanding that the burden on the defendant, while always a primary concern, will in an appropriate case be considered in light of other relevant factors, including the forum State's interest in adjudicating the dispute; the plaintiff's interest in obtaining convenient and effective relief, at least when that interest is not adequately protected by the plaintiff's power to choose the forum; the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies." *Id.* at 292 (internal quotations omitted; citations omitted; ellipsis in original).

The Court rejected the argument that jurisdiction is proper whenever it is "foreseeable" that the out-of-state defendant's product might make its way into the forum state. The Court explained:

> "[T]he foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there. The Due Process Clause, by ensuring the orderly administration of the laws, gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.
>
> "When a corporation purposefully avails itself of the privilege of conducting activities within the forum State, it

has clear notice that it is subject to suit there[.]" *Id.* at 297 (internal quotations omitted; citations omitted).

Applying those principles to the case before it, the Court concluded that the record there demonstrated none "of those affiliating circumstances that are a necessary predicate to any exercise of state-court jurisdiction." *Id.* at 295. The mere possibility of "financial benefits accruing to the defendant from a collateral relation to the forum State" was insufficient to support jurisdiction in the absence of a "constitutionally cognizable contact." *Id.* at 299. *See also State ex rel Hydraulic Servocontrols v. Dale, supra,* 294 Or at 386-90 (applying the principles established by the Supreme Court in *World-Wide Volkswagen Corp. v. Woodson, supra,* court concluded that the defendant, having delivered its products into the stream of commerce with the expectation that those products would be purchased by Oregon consumers, had therefore benefited from the protection that Oregon laws gave to that business activity; exercise of personal jurisdiction did not offend due process); *State ex rel Michelin v. Wells, supra,* 294 Or at 300-03 (applying the principles established in *World-Wide Volkswagen Corp. v. Woodson, supra,* court concluded that the defendant had no "substantive connection with Oregon which, as a matter of federal due process, would allow Oregon courts to exercise jurisdiction" over that defendant).

In *Burger King Corp. v. Rudzewicz,* 471 US 462, 105 S Ct 2174, 85 L Ed 2d 528 (1985), the Supreme Court again affirmed the jurisdictional principles that it had stated and applied in *World-Wide Volkswagen Corp. v. Woodson, supra.* The Court explained:

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations. By requiring that individuals have fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign, the Due Process Clause gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.

"Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit

there, this fair warning requirement is satisfied *if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities*. Thus, [t]he forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State and those products subsequently injure forum customers. Similarly, a publisher who distributes magazines in a distant State may fairly be held accountable in that forum for damages resulting there from an allegedly defamatory story. And with respect to interstate contractual obligations, we have emphasized that parties who reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other State for the consequences of their activities.

"* * * * *

"Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.' Thus courts in appropriate cases may evaluate the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interests of the several states in furthering fundamental substantive social policies." *Id.* at 471-73, 476-78 (emphasis added; footnote omitted; other internal quotations omitted; citations omitted; brackets in original).

In summary, the Supreme Court of the United States has established the following test for determining whether an exercise of jurisdiction over an out-of-state defendant comports with due process: First, the defendant must have "minimum contacts" with the forum state. "Minimum contacts" will be found where the defendant has "purposefully directed" its activities at residents of the forum state *and* where the litigation "arises out of or relates to" those activities. *Burger King Corp. v. Rudzewicz, supra,* 471 US at 472. Second, even if minimum contacts exist, the exercise of jurisdiction must be reasonable; in the light of

various factors deemed relevant by the Court, the exercise of jurisdiction must comport with "fair play and substantial justice." *Id.* at 476-77.

■ We apply that test to the facts of this case. In doing so, we first consider whether Circus Circus had "minimum contacts" with Oregon.

As previously stated, the record shows that Circus Circus is not registered to do business in Oregon, that it pays no business taxes here, and that it has no bank accounts, offices, real estate, employees, or exclusive agents in this state. The record shows, however, that Circus Circus advertised its Reno facilities in a major Oregon newspaper, provided brochures to Smith's Oregon travel agent, made available to Oregon residents a toll-free telephone information service, and telephoned Smith's Oregon residence to confirm his hotel reservation.

By engaging in those acts, Circus Circus did "purposefully direct" its activities at residents of Oregon.[4] However, Smith's negligence claim against Circus Circus does not "arise out of or relate to" the activities of Circus Circus in Oregon. *See Burger King Corp. v. Rudzewicz, supra,* 471 US at 472-73 (stating that test and giving examples of claims that arise out of or relate to a defendant's forum-related activities).

As previously stated, Smith alleged that he was injured by a bottle thrown from a window of a hotel in Reno, Nevada. In his complaint, Smith alleged that that injury resulted from Circus Circus' negligence in various respects relating solely to the operation of its hotel in Nevada. As material here, Smith's complaint alleged that Circus Circus was negligent in "failing to keep the hotel windows bolted," "failing to protect street level pedestrians from objects thrown from hotel windows," "failing to warn pedestrians" of the danger of falling objects, "failing to prevent * * * guests * * * from throwing objects" from hotel windows, and "failing to comply with Reno[, Nevada,] Municipal Ordinances."

---

[4] The purposeful direction of some activities at residents of Oregon may establish "minimum contacts" even if those activities are not "substantial" enough to create general jurisdiction under ORCP 4A(4).

The alleged injury did not arise out of or relate to Circus Circus' activities in Oregon.

Smith urges this court to adopt the "but for" test of *Shute v. Carnival Cruise Lines, Inc.*, 897 F2d 377, 385 (9th Cir 1990), *rev'd on other grounds*, 499 US 585, 111 S Ct 1522, 113 L Ed 2d 622 (1991), for determining whether a claim arose from a defendant's forum-related activities. *See* Mullenix, *Another Easy Case, Some More Bad Law:* Carnival Cruise Lines *and Contractual Personal Jurisdiction*, 27 Tex Intl LJ 323, 337 (1992) (noting that the test for determining whether a claim arose from a defendant's forum-related activities varies among the lower federal courts and that the Ninth Circuit applies a "controversial" "but for" test). The Supreme Court of the United States does not apply a "but for" test, and our reading of the pertinent Supreme Court cases convinces us that the Supreme Court would not do so. We therefore decline Smith's invitation to adopt the proposed "but for" test.

We conclude that Smith's claim does not arise out of or relate to Circus Circus' activities in Oregon. That being so, Circus Circus does not have the minimum contacts necessary to sustain jurisdiction over it in the present action. Circus Circus is not subject to the jurisdiction of the Oregon circuit court under ORCP 4L.

Peremptory writ to issue.