**David L. BRYANT, Plaintiff,**

v.

**WEINTRAUB, GENSHLEA, HARDY, ERICH & BROWN, a law firm; Weintraub, Genshlea & Sproul, a law firm; Geoffrey Burroughs; Kenneth M. Malovos and Does 1–10, Defendants.**

**Civ. No. 93–1319–FR.**

United States District Court, D. Oregon.

Feb. 14, 1994.

David C. Force, Eugene, OR, for plaintiff.

Barrie J. Herbold, Lynn R. Stafford, Markowitz, Herbold, Glade & Mehlhaf, P.C., Portland, OR, for defendants.

## OPINION

FRYE, District Judge:

The matter before the court is the motion of the defendants to dismiss (#15–1) and for change of venue (#15–2).

## BACKGROUND

This is an action for legal malpractice with jurisdiction based upon diversity. Plaintiff, David L. Bryant, is a resident of the State of Oregon. All defendants, a law firm and certain partners therein, reside and do business in the State of California (the defendant law firm).

The defendant law firm represented Bryant in an action entitled *Northcon v.*

*Baugh Constr. Co.*, Sacramento Superior Court Case No. 325597 (the Sacramento action), on behalf of Northcon, a partnership of which Bryant was a principal, and related entities.

Bryant alleges in the complaint that the defendant law firm filed a third amended complaint in the Sacramento action adding a new defendant, The Sacore Company (Sacore), a Washington corporation, and that summons and complaint in the Sacramento action were served on H. Dan Izumi, a resident of the State of California, who was purportedly an agent of Sacore, but that the service on Sacore was found insufficient under the laws of the State of California, and Sacore was dismissed from the Sacramento action. In the complaint, Bryant alleges that the defendant law firm is liable to him for the damages he incurred as a result of the dismissal of Sacore in the Sacramento action.

In January, 1986, during the time that an attorney-client relationship existed between the defendant law firm and Bryant, Northcon and Bryant became defendants in actions filed in the Circuit Court of the State of Oregon for the Counties of Clackamas and Multnomah involving some of the same parties and some of the same factual issues as were involved in the Sacramento action. Bryant states, in part, in his affidavit:

> The Defendant Weintraub firm immediately tendered to United Pacific the defense of the Oregon action against the United Pacific Oregon insureds to United Pacific, through its designated coverage counsel Mr. Larry Wengel; and argued to Wengel why United Pacific needed to defend the Oregon action. Finally on or about March 24, 1986, United Pacific orally communicated to myself and Defendant Burroughs of the Defendant law firm, its acceptance of defense liability in the Oregon action. This acceptance was confirmed in writing.... United Pacific agreed to pay up to $100 per hour to the Defendant Weintraub firm, with me sharing these fees at the rate of $10 per hour of that total, to represent its Oregon covered parties in that Oregon litigation.

*Id.* at 6.

The defendant law firm was involved in litigating the actions filed in the State of Oregon, including a court appearance by counsel in the Circuit Court of the State of Oregon for the County of Clackamas on February 13, 1986.

In February, 1987, the defendant law firm withdrew as counsel for Northcon in the Sacramento action and provided no further legal services to Bryant after that date.

## CONTENTIONS OF THE PARTIES

The defendant law firm contends that it is not subject to the general jurisdiction of this court in that the law firm practices solely in the State of California and does not solicit business in the State of Oregon. The defendant law firm further contends that it is not subject to the specific jurisdiction of this court under Rule 4 D(1) of the Oregon Rules of Civil Procedure because the claim brought by Bryant in this case arises out of an alleged injury which occurred in the State of California and does not arise out of any contact between the defendant law firm and the State of Oregon.

Bryant contends that this court has jurisdiction over the defendant law firm pursuant to Rule 4 D(1) of the Oregon Rules of Civil Procedure because the acts or omissions of the defendant law firm took place during the period when the defendant law firm carried on the practice of law and supervision of litigation in the State of Oregon on a continuing basis for profit and directed others to carry on business activities on its behalf in the State of Oregon.

## APPLICABLE LAW

■ The burden is on the party seeking to invoke the jurisdiction of the court to show that the law of the forum state confers jurisdiction, and that the exercise of jurisdiction comports with federal constitutional principles of due process. *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1477 (9th Cir.1986).

Rule 4 of the Oregon Rules of Civil Procedure states, in relevant part:

## PERSONAL JURISDICTION

A court of this state having jurisdiction of the subject matter has jurisdiction over a party served in an action pursuant to Rule 7 under any of the following circumstances:

. . . .

## D  LOCAL INJURY;  FOREIGN ACT

In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury, either:

**D(1)** Solicitation or service activities were carried on within this state by or on behalf of the defendant;  . . .

In *State ex rel Circus Circus Reno, Inc. v. Pope*, 317 Or. 151, 854 P.2d 461 (1993), the plaintiff, a resident of the State of Oregon, staying at the defendant hotel was injured when he was hit by a liquor bottle thrown by an unknown person from a window of the hotel.  The plaintiff filed an action against the defendant hotel in the State of Oregon. The Oregon Supreme Court concluded that the courts of the State of Oregon lacked personal jurisdiction to resolve the claims. The court examined Rule 4 D(1) of the Oregon Rules of Civil Procedure and stated:

> Smith was injured in Nevada and felt the immediate effects of his injury there. The fact that he continued to experience some effects of the injury after returning to Oregon does not establish jurisdiction under ORCP 4D(1).  Circus Circus is not subject to the specific jurisdiction of the Oregon circuit court under that provision.

*Id.* at 155–56, 854 P.2d 461.

## ANALYSIS

■ Bryant relies solely upon the provisions of Or.R.Civ.P. 4 D(1) in asserting that this court has personal jurisdiction over the defendant law firm.

The defendant law firm represented Bryant, a resident of the State of Oregon, in the Sacramento action and subsequently became involved in related litigation in the State of Oregon.  The defendant law firm had contacts with attorneys from the State of Oregon and had contacts with the courts of the State of Oregon in the related action, and at one point made a court appearance in the court in the State of Oregon in the Oregon case.

However, the injury alleged by Bryant in this action occurred in the State of California by an alleged failure to properly obtain service in the State of California in the Sacramento case.

Bryant asserts specific jurisdiction under Or.R.Civ.P. 4 D(1) for "injury to person . . . within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury . . . [s]olicitation or service activities were carried on within this state by or on behalf of the defendant."

Bryant relies upon the fact that the defendant law firm participated in the litigation of the actions in the State of Oregon.  However, the alleged injury has no connection with the actions in the State of Oregon and arises directly from alleged legal malpractice in the Sacramento action.  The alleged injury occurred in the State of California, and the fact that Bryant lives in the State of Oregon does not establish specific jurisdiction under Rule 4 D(1).

## CONCLUSION

The motion of the defendant law firm to dismiss (#15–1) is granted.  The motion for change of venue (#15–2) is deemed moot.