Argued and submitted May 6, affirmed June 22, 1994

Charles E. HORN,
*Appellant,*

*v.*

SEACATCHER FISHERIES, INC.,
a Washington corporation,
and Emerald Resource Management, Inc.,
a Washington corporation,
*Respondents.*

(9303-02021; CA A80715)

876 P2d 352

Kevin Keaney argued the cause for appellant. With him on the brief were Kimberley Chaput, Robert K. Udziela and Pozzi, Wilson & Atchison.

Rex Armstrong argued the cause for respondents. With him on the brief was Bogle & Gates.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

HASELTON, J.

**HASELTON, J.**

Plaintiff appeals the dismissal of his maritime personal injury action for lack of personal jurisdiction. We affirm.

The material jurisdictional facts are undisputed. Defendant Seacatcher Fisheries, Inc., is a Washington corporation that owns the fishing vessel F/T HEATHER SEA. Defendant Emerald Resources Management, Inc. (Emerald), managed the HEATHER SEA in 1990, when the conduct relevant to plaintiff's claims occurred. Neither defendant is registered to do business in Oregon, maintains offices or employees in Oregon, or leases or owns property in Oregon. The HEATHER SEA has never fished in Oregon waters or had any continuing contact with Oregon.

In early 1990, Emerald placed advertisements in *The Oregonian*, seeking crew members for the HEATHER SEA. Plaintiff, an Oregon resident, responded to these advertisements and was interviewed by an Emerald representative at an Oregon State Employment Division office in Portland. The Emerald representative subsequently called plaintiff at his home in Oregon and offered him a job as a crew member of the HEATHER SEA. Plaintiff accepted that offer and flew at Emerald's expense to Alaska, where he joined the HEATHER SEA at Dutch Harbor.[1]

In April and May 1990, plaintiff allegedly sustained personal injuries while working on board the HEATHER SEA. Plaintiff brought this action for his injuries in Multnomah County Circuit Court, asserting claims for negligence under the Jones Act, 46 USC § 688, and for unseaworthiness. Plaintiff argued that defendants were subject to the circuit court's jurisdiction under ORCP 4L. The circuit court rejected that argument, and dismissed plaintiff's complaint for lack of personal jurisdiction.

On appeal, plaintiff relies exclusively on ORCP 4L. That "catch-all" provision provides for personal jurisdiction over a defendant:

---

[1] Plaintiff executed a "Crew Member Contract" on March 2, 1990. The record does not show where plaintiff was when he signed that contract. The contract bears a notation by the HEATHER SEA's manager that Seattle was plaintiff's "point of hire," but it is not apparent when, or under what circumstances, that notation was made.

"Notwithstanding a failure to satisfy the requirement of sections B. through K. of this rule, in any action where prosecution of the action against a defendant in this state is not inconsistent with the Constitution of this state or the Constitution of the United States."

*State ex rel Circus Circus Reno, Inc. v. Pope*, 317 Or 151, 854 P2d 461 (1993), frames our jurisdictional inquiry. There, the court adopted a two-part test for determining whether, in accordance with ORCP 4L, an exercise of jurisdiction over a non-Oregon defendant comports with due process:

"First, the defendant must have 'minimum contacts' with the forum state. 'Minimum contacts' will be found where the defendant has 'purposefully directed' its activities at residents of the forum state *and* where the litigation 'arises out of or relates to' those activities. * * * Second, even if minimum contacts exist, the exercise of jurisdiction must be reasonable; in the light of various factors deemed relevant by the Court, the exercise of jurisdiction must comport with 'fair play and substantial justice.' " 317 Or at 159-60. (Quoting *Burger King Corp. v. Rudzewicz*, 471 US 462, 472, 476-77, 105 S Ct 2174, 85 L Ed 2d 528 (1985).) (Emphasis in original; citation omitted.)

Here, defendants do not dispute that they "purposefully directed" their recruiting and hiring activities at Oregon residents, including plaintiff. Indeed, those activities are closely analogous to the advertising and solicitation activities that established "purposeful direction" in *State ex rel Circus Circus Reno, Inc. v. Pope, supra.*[2]

■    The jurisdictional dispute turns, instead, on the second, "arising out of or relating to" minimum contacts element. Plaintiff contends that his claims "related to" his employment status which, by virtue of defendants' conduct, originated in Oregon.

■    We disagree. Assuming *arguendo* that the employment relationship was created in Oregon,[3] defendants' conduct in recruiting and hiring plaintiff has no "substantive

---

[2] In *State ex rel Circus Circus Reno, Inc. v. Pope, supra*, Circus Circus advertised its facilities in an Oregon newspaper, provided brochures to the plaintiff's Oregon travel agent, a toll-free telephone information service to Oregon residents, and telephoned the plaintiff in Oregon to confirm his hotel reservation.

[3] It is unclear where the employment relationship was created. *See* n 1, *supra*.

relevance" to plaintiff's personal injury claims. *See State ex rel Michelin v. Wells*, 294 Or 296, 303, 657 P2d 207 (1982). Although plaintiff's status as an employee at the time he was allegedly injured is a material element of his Jones Act claim,[4] allegations pertaining to the *creation* of the employment relationship are immaterial to the personal injury gravamen of that claim and, hence, cannot support jurisdiction:

> " 'A contact is related to [a] controversy if it is the geographical qualification of a fact relevant to the merits. A forum occurrence which would ordinarily be alleged as part of a comparable domestic complaint is a related contact. In contrast, an occurrence in the forum State of no relevance to a totally domestic cause of action is an unrelated contact, a purely jurisdictional allegation with no substantive purpose. If a fact is irrelevant in a purely domestic dispute, it does not suddenly become related to the controversy simply because there are multistate elements.' " *State ex rel Michelin v. Wells, supra*, 294 Or at 302, *quoting* Brilmayer, *How Contacts Count: Due Process Limitations on State Court Jurisdiction*, 1980 Sup Ct Rev 77, 82-83 (1980).

*Circus Circus Reno* is similar. There, a liquor bottle thrown from the defendant's hotel struck and injured the plaintiff. Although the plaintiff would not have been in Reno (and, thus, in a position to be struck by the bottle) but for Circus Circus's Oregon advertising and solicitation activities, the court held that the plaintiff's injuries did not arise out of or relate to the defendant's activities in Oregon. Instead, those injuries arose from the defendant's alleged negligence, including failure to keep the hotel windows bolted and failure to warn, that occurred in Nevada. In so holding, the court expressly declined the plaintiff's invitation to apply a "but for" test to the "arise out of or relates to" element.

So too here. Although plaintiff would not have been aboard the HEATHER SEA but for defendants' recruiting and hiring activities in Oregon, his alleged injuries arose out of and related to defendants' alleged negligence, including failure to provide adequate equipment and inadequate

---

[4] The parties do not address the materiality of plaintiff's employment status to his unseaworthiness claim.

instruction, which occurred in Alaskan and international waters.[5]

■    Finally, plaintiff argues that, regardless of the particular application of the "arises out of or relates to" requirement, asserting jurisdiction over these defendants would broadly comport with "traditional notions of fair play and substantial justice" because defendants who recruit Oregon residents to perform highly dangerous seasonal work "should reasonably anticipate being haled into" Oregon courts to defend suits by injured Oregon resident workers. *World-Wide Volkswagon Corp. v. Woodson*, 444 US 286, 292, 297, 100 S Ct 559, 62 L Ed 2d 490 (1980). Whatever the visceral appeal of plaintiff's argument, it flows from a false premise. *World-Wide Volkswagon's* "reasonable anticipation" formulation and *Burger King's* "minimum contacts" analysis as construed and applied in *State ex rel Circus Circus Reno, Inc. v. Pope, supra*, do not describe alternative tests for exercising long-arm jurisdiction. Instead, the two are congruent. The "minimum contacts" analysis defines when the "reasonable anticipation" requirement is satisfied:

> "By requiring that individuals have 'fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign,' the Due Process Clause gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.
>
> "Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, *this 'fair warning' requirement is satisfied if* the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz, supra*, 471 US at 472.

---

[5] *Cf. Coats v. Penrod Drilling Corp.*, 5 F3d 877 (5th Cir 1993), *cert den* ___ US ___, 114 S Ct 1303, *reh'g en banc granted* 20 F3d 614 (5th Cir 1994) (foreign corporation that recruited employees in Mississippi was subject to suit in Mississippi by Mississippi resident employee who was injured in the defendant's service in foreign waters; in addition to recruiting activities in Mississippi, the defendant corporation had contracted to return the plaintiff to Mississippi once a year and, after the plaintiff's injury, had flown the plaintiff back to Mississippi and paid for his medical treatment in Mississippi). The jurisdictional analysis in *Coats v. Penrod Drilling Corp., supra*, focuses on "purposeful availment" and does not expressly analyze the "arising out of" component of the minimum contacts inquiry.

(Emphasis supplied; citations omitted.)

Because plaintiff's alleged personal injuries did not arise out of or relate to defendants' recruiting and hiring activities in Oregon, defendants did not have fair warning that they might have to defend this suit in Oregon. Defendants are not subject to jurisdiction under ORCP 4L.[6]

Affirmed.

---

[6] Plaintiff argues for the first time in his reply brief that the circuit court erred in denying plaintiff's motion to compel production of documents pertaining to defendants' activities in Oregon. That ruling was not assigned as error, and we do not consider it. ORAP 5.45(2).