Argued and submitted May 7, alternative write of mandamus dismissed
May 27, 1999

Jarett D. FREEMAN
and Darrel W. "Bud" Freeman,
*Plaintiffs-Adverse Parties,*

*v.*

Michael DUFFY,
*Defendant-Relator.*

(CC 98-01-0661; SC S45603)

983 P2d 533

Gregory B. Snook, Portland, argued the cause and filed the briefs for defendant-relator. With him on the briefs were James P. Laurick and Kilmer, Voorhees & Laurick, P.C., Portland.

Kim T. Buckley, of Esler, Stephens & Buckley, Portland, argued the cause and filed the brief for plaintiffs-adverse parties.

PER CURIAM

## PER CURIAM

This is an original proceeding in mandamus. Relator Duffy is the defendant in a contract action brought in Multnomah County Circuit Court by plaintiffs-adverse parties the Freemans. Defendant moved the trial court to dismiss that action on the ground that he has not had sufficient minimum contacts with Oregon in connection with the alleged contract to permit the courts of this state to exercise personal jurisdiction over him. *See* ORCP 4 L (Oregon courts may exercise personal jurisdiction to extent permitted by United States Constitution). The trial court denied defendant's motion.

On defendant's petition for a writ of mandamus, this court issued an alternative writ to the trial court directing it to dismiss the action or to show cause why it had not done so. The trial court declined to dismiss the action. We have reviewed the record made before the trial court and now conclude that the alternative writ should be dismissed.[1]

A very brief summary of some of the pertinent facts suffices for disposition of this case. As noted, this is a contract action. The record establishes, *inter alia*, that the alleged contract was negotiated by telephone conversations between defendant in Florida and plaintiffs in Oregon, and that defendant partially performed that contract by depositing a sum of money into plaintiffs' Oregon bank account. Such contacts are sufficient to establish the minimum necessary for personal jurisdiction. *See State ex rel White Lbr. v. Sulmonetti*, 252 Or 121, 448 P2d 571 (1968) (out-of-state telephone call establishing contractual relationship set in motion forces that necessarily had impact in Oregon); *compare State ex rel Circus Circus Reno, Inc. v. Pope*, 317 Or 151, 854 P2d 461 (1993) (telephonic arrangements for accommodations in Nevada did not confer jurisdiction on Oregon courts to try action in tort based on later events occurring in Nevada).

Alternative writ of mandamus dismissed.

---

[1] Plaintiffs have offered additional affidavits, not available to the trial court when it ruled in their favor, as further justification for the trial court's ruling. Defendant objects to the inclusion of those matters in the consideration of this case. Because we conclude that the record actually considered by the trial court in making its ruling was adequate to establish a basis for jurisdiction in Oregon, we need not rule on the permissibility of supplementing the record in that manner.