Argued and submitted August 3, 2011, affirmed January 5, 2012

Hilary P. ROBINSON,
*Plaintiff-Appellant,*

*v.*

HARLEY-DAVIDSON MOTOR COMPANY,
an assumed business name for
Harley-Davidson Motor Company Group, LLC,
a foreign limited liability company,
fka Harley-Davidson Motor Company Group, Inc.; et al.,
*Defendants,*

*and*

GRAND TETON HARLEY-DAVIDSON & BUELL,
an assumed business name for
Grand Teton Cycles, LLC,
an Idaho limited liability company,
*Defendant-Respondent.*

Multnomah County Circuit Court
090405047; A143846

270 P3d 367

Michael L. Rosenbaum argued the cause for appellant. With him on the briefs was Travis J. Mayor.

Janet M. Schroer argued the cause for respondent. With her on the brief were Marjorie A. Speirs and Hoffman Hart & Wagner, LLP.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

SCHUMAN, P. J.

**SCHUMAN, P. J.**

Plaintiff, an Oregon resident, was riding her Harley-Davidson motorcycle in Idaho when she noticed that the front wheel appeared unstable. She took the motorcycle to defendant Grand Teton Cycles, LLC, a Harley-Davidson dealership in Idaho Falls, where an employee performed service and repairs. The next day, while riding in Wyoming, she was injured when the front wheel allegedly malfunctioned. She brought this action against defendant, as well as the Harley-Davidson company and the dealership that sold her the motorcycle in Oregon.[1] Defendant filed a motion to dismiss the complaint against it on the ground that the Oregon court did not have personal jurisdiction. ORCP 21 A(2). The trial court agreed and entered a limited judgment to that effect. Plaintiff appeals, contending that the trial court erred because sufficient contacts existed between defendant and the State of Oregon to allow the court to exercise its jurisdiction pursuant to ORCP 4 L, Oregon's "long-arm" statute. We affirm.

In reviewing the grant of a motion to dismiss for lack of personal jurisdiction, we assume the truth of all well-pleaded allegations in the record. *Sutherland v. Brennan*, 131 Or App 25, 28, 883 P2d 1318 (1994), *aff'd on other grounds*, 321 Or 520, 901 P3d 240 (1995). The record consists of the pleadings and affidavits that the parties presented before the trial court. *Id.*; ORCP 21 A. Under that standard, the facts are as follows.

Defendant owns and operates Harley-Davidson franchises in Idaho and Wyoming. It has no physical place of business in Oregon, but it does operate an interactive website, accessible to Oregon residents and worldwide, where it advertises, among other things, promotions for out-of-state residents to fly to Idaho to purchase motorcycles. Defendant also advertises in national publications that are available in Oregon, has sold items such as parts, accessories, and apparel to Oregon residents through its website, and has

---

[1] Hereafter, "defendant" refers to Grand Teton Cycles, LLC, unless otherwise indicated.

occasionally purchased merchandise from, and sold merchandise to, Harley-Davidson dealerships in Oregon.

In 2004, plaintiff bought a Harley-Davidson motorcycle from Latus Motors, a dealership in Gladstone, Oregon, and had it regularly serviced there. Before the events leading to the 2007 accident that is the subject of this litigation, plaintiff had two interactions with defendant, whose existence she learned about from a Harley-Davidson Touring Handbook. She visited defendant in 2004 on her way to Sturgis, South Dakota, and in 2006, she attended a Harley-Davidson rally in Idaho sponsored and promoted by defendant and advertised in Portland's Rose City Harley-Davidson Owners Group club, after registering for the rally on defendant's website.

On August 3, 2007, Latus Motors performed the 45,000 mile service on plaintiff's motorcycle and installed new tires. On August 6, plaintiff was riding her motorcycle on a multi-state tour and, while riding in Idaho, the front end of the motorcycle began to wobble at highway speeds. She took the motorcycle to defendant in Idaho Falls to have defendant address the problem and perform warranty work, because she knew about the dealership from her earlier experiences with it. The next day, while riding in Wyoming, plaintiff's motorcycle allegedly malfunctioned. She was thrown from the motorcycle and injured.

Plaintiff brought this action in Multnomah County Circuit Court, asserting claims for strict liability, negligence, and breach of warranty against five defendants. Specific to defendant, plaintiff asserted various allegations of negligence stemming from its service and repairs to her motorcycle. As noted, defendant filed a motion to dismiss the complaint for lack of personal jurisdiction pursuant to ORCP 21 A(2). The trial court agreed, and this appeal ensued.

In Oregon, personal jurisdiction over an out-of-state defendant may be "general," ORCP 4 A, "specific," ORCP 4 B through K, or conferred under the "catchall" due process provision, ORCP 4 L. *State ex rel Circus Circus Reno, Inc. v. Pope*, 317 Or 151, 154-56, 854 P2d 461 (1993). Although plaintiff argued at trial that defendant was subject to general jurisdiction pursuant to ORCP 4 A, she abandons that claim

on appeal and argues only that ORCP 4 L applies. That sub-paragraph provides that an Oregon court has personal juris-diction over a defendant:

"Notwithstanding a failure to satisfy the requirement of sections B through K of this rule, in any action where pros-ecution of the action against a defendant in this state is not inconsistent with the Constitution of this state or the Con-stitution of the United States."

ORCP 4 L, then, extends the jurisdiction of Oregon courts over out-of-state defendants as far as the Due Process Clause permits. *Smith v. O'Byrne*, 113 Or App 128, 131, 831 P2d 709, *rev den*, 313 Or 627 (1992).[2] The inquiry to determine whether an extension of jurisdiction over an out-of-state defendant comports with due process has two parts:

"First, the defendant must have 'minimum contacts' with the forum state. 'Minimum contacts' will be found where the defendant has 'purposefully directed' its activities at residents of the forum state *and* where the litigation 'arises out of or relates to' those activities. * * * Second, even if minimum contacts exist, the exercise of jurisdiction must be reasonable; in the light of various factors deemed rele-vant by the Court, the exercise of jurisdiction must comport with 'fair play and substantial justice.' "

*State ex rel Circus Circus*, 317 Or at 159-60 (quoting *Burger King Corp. v. Rudzewicz*, 471 US 462, 472, 476-77, 105 S Ct 2174, 85 L Ed 2d 528 (1985)) (emphasis in original).

To prevail on appeal, then, plaintiff must show that she pleaded facts from which a factfinder could have found that (1) defendant purposefully directed activities at Oregon residents, (2) the litigation arises out of or relates to the activ-ities that defendant directed to Oregon residents, *and* (3) exercising jurisdiction over defendant would be reason-able. *See Nike USA, Inc. v. Pro Sports Wear, Inc.*, 208 Or App 531, 533, 145 P3d 321 (2006) (plaintiff has burden of alleging facts sufficient to establish personal jurisdiction). The trial

---

[2] Because the Oregon Constitution does not have a due process clause, all ORCP 4 L jurisdictional issues are informed by federal constitutional law. *State ex rel Jones v. Crookham*, 296 Or 735, 742, 681 P2d 103 (1984) (Linde, J., concurring). Plaintiff does not claim that any other provision of the United States Constitution, or any provision of the Oregon Constitution, is relevant here.

court concluded that defendant purposefully directed activities at Oregon residents through its extensive advertising, but that the litigation did not arise out of or relate to that advertising. Defendant challenges the former conclusion, and plaintiff challenges the latter. Because we agree that the claim does not arise out of or relate to defendant's activities in Oregon, we need not decide whether those activities were purposefully directed toward Oregon residents.

In *State ex rel Michelin v. Wells*, 294 Or 296, 302-03, 657 P2d 207 (1982), the Oregon Supreme Court adopted the "substantive relevance" test to determine the relationship between a plaintiff's claim and a defendant's contacts with the forum state:

> "A forum occurrence which would ordinarily be alleged as part of a comparable domestic complaint is a related contact. In contrast, an occurrence in the forum state of no relevance to a totally domestic cause of action is an unrelated contact, a purely jurisdictional allegation with no substantive purpose. If a fact is irrelevant in a purely domestic dispute, it does not suddenly become related to the controversy simply because there are multistate elements."

*Id.* at 302 (quoting Brilmayer, *How Contacts Count: Due Process Limitations on State Court Jurisdiction*, 1980 Sup Ct Rev 77, 82-83 (1980)). Applying the test to the facts in *State ex rel Michelin*, the court held that the general distribution by the defendant, a French manufacturer, of its products nationally and in Oregon had no relevance to the substance of the plaintiff's products liability claim. *Id.* at 303. Because no fact of substantive relevance, such as sale, use, accident, or injury, had been shown to have occurred in Oregon, there was no substantive connection with Oregon which, as a matter of federal due process, would allow an Oregon court to exercise jurisdiction over the defendant. *Id.*

*State ex rel Michelin* did not expressly adopt "substantive relevance" as the test for "arising out of or relating to"; the United States Supreme Court did not announce that aspect of minimum contacts until *Burger King*, decided three years after *State ex rel Michelin*. However, in *Horn v. Seacatcher Fisheries, Inc.*, 128 Or App 585, 876 P2d 352, *rev den*, 320 Or 407 (1994), *cert dismissed*, 514 US 1048 (1995),

this court adopted the test and applied it to the "arising out of or relating to" aspect of ORCP 4 L. In *Horn*, the defendant, a Washington corporation, recruited and hired the plaintiff, an Oregon resident, in Oregon, to work on its fishing vessel in Alaska. *Id.* at 587. The plaintiff was allegedly injured while working on the vessel. *Id.* Citing *State ex rel Michelin* and the substantive relevance test taken from the Brilmayer law review article, we reasoned that, although the plaintiff would not have been aboard the vessel but for the defendant's recruiting and hiring activities in Oregon, his alleged injuries arose out of and related to the defendant's alleged negligence in Alaska and in international waters, not in Oregon. *Id.* at 589-90. Thus, we held the plaintiff's claim did not arise out of or relate to the defendant's hiring and recruiting activities in Oregon. *Id.* at 591.

Here, the substantive relevance test leads us to the same conclusion that the trial court reached. No fact relevant to the substance of plaintiff's negligence claim occurred in Oregon. Plaintiff's injuries occurred in Wyoming and allegedly resulted from defendant's negligence related to the operation of its service and repair business in Idaho. As material here, plaintiff's complaint alleges that defendant was negligent in failing to properly diagnose and repair plaintiff's motorcycle, failing to notify plaintiff that the motorcycle could continue to experience problems, and failing to contact Harley-Davidson for repair instructions. The facts relevant to the substance of the claim occurred in Idaho at defendant's service and repair shop. Defendant's advertising activities are relevant only for the purpose of the attempt to establish jurisdiction; had defendant been a domestic corporation, its advertising activities would either not have been mentioned, or, if mentioned, they would have been superfluous. Therefore, defendant's advertising and sales contacts with Oregon are not relevant to the substance of plaintiff's personal injury claim.

Defendant's contacts with Oregon are also not relevant to the substance of plaintiff's breach of warranty claim against defendant. Plaintiff contends that the warranty work performed by defendant on plaintiff's motorcycle created a continuing contractual obligation to plaintiff in Oregon. According to plaintiff, defendant's advertisements that it was

authorized to perform Harley-Davidson warranty work were the reason that plaintiff sought defendant to repair her motorcycle. However, no action by defendant relating to the purchase or breach of plaintiff's warranty has been shown to have occurred in Oregon.

Like her negligence claim, plaintiff's warranty claim is based on an untenable argument: that a claim arises out of or relates to a forum state contact if the claim would not have occurred *but for* the contact. Plaintiff argues that we should disregard *State ex rel Michelin* and *Horn* and adopt, instead, the "but for" test advocated by Justice Brennan in a dissenting opinion in *Helicopteros Nacionales De Columbia v. Hall*, 466 US 408, 419, 104 S Ct 1868, 80 L Ed 2d 404 (1984) (Brennan, J., dissenting), and adopted by the 9th Circuit in *Shute v. Carnival Cruise Lines*, 897 F2d 377 (9th Cir 1990), *rev'd on other grounds*, 499 US 585, 111 S Ct 1522, 113 L Ed 2d 622 (1991). Needless to say, we are not at liberty to do so, particularly in light of our Supreme Court's express rejection of the "but for" test in *State ex rel Circus Circus*, 317 Or at 161:

> "[The plaintiff] urges this court to adopt the 'but for' test of [*Shute*, 897 F2d at 385], for determining whether a claim arose from a defendant's forum-related activities. * * * The Supreme Court of the United States does not apply a 'but for' test, and our reading of the pertinent Supreme Court cases convinces us that the Supreme Court would not do so. We therefore decline [the plaintiff's] invitation to adopt the proposed 'but for' test."

We conclude that plaintiff's claims do not arise out of or relate to defendant's Oregon activities. We therefore need not, and do not, determine whether, by engaging in those activities, defendant purposefully directed them at Oregon residents, nor whether subjecting defendant to Oregon jurisdiction would comport with fair play and substantial justice.

Affirmed.