**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0443, <u>Monet Credit, LLC v. George J.F. Werner, Esq.</u>, the court on June 8, 2016, issued the following order:**

Having considered the briefs and oral arguments of the parties and the record submitted on appeal, the court concludes that a formal written opinion is unnecessary in this case. The defendant, George J.F. Werner, Esq., appeals the denial by the Superior Court (<u>Nicolosi</u>, J.) of his motion to dismiss the legal malpractice action against him by the plaintiff, Monet Credit, LLC. We reverse.

According to the defendant, the complaint alleges that the plaintiff, a New Hampshire business, hired the defendant, a sole practitioner in Florida, to collect a New Hampshire judgment debt in Florida. As the plaintiff's attorney explained at oral argument, the plaintiff subsequently sued the defendant in New Hampshire for legal malpractice in Florida regarding that transaction. The defendant moved to dismiss for lack of personal jurisdiction and the plaintiff objected. The trial court denied the motion, concluding that "[t]aking the sworn facts in the light most favorably to the plaintiff, the plaintiff has established minimum contacts. The defendant solicited and chose to do business with a NH, LLC, which foreseeably could suffer financial injury in this State." The defendant moved to reconsider and requested an evidentiary hearing, which the trial court denied.

On appeal, the defendant asserts that the trial court erred by: (1) determining that the plaintiff has established that New Hampshire has personal jurisdiction over him; (2) relying upon "purposefully vague and incomplete pleadings . . . to defeat [his] due process rights"; and (3) denying him an evidentiary hearing. (Capitalization omitted.) The plaintiff counters that the trial court correctly found that New Hampshire has jurisdiction over the defendant in this case. It contends that New Hampshire's "long-arm statute is satisfied because the defendant's acts as alleged caused injury to the Plaintiff . . . in New Hampshire." In addition, the plaintiff asserts that the Federal Due Process Clause is satisfied because the defendant "has sufficient contacts with New Hampshire to support general jurisdiction, and also the Defendant . . . has demonstrated specific personal jurisdiction where the cause of action arises out of and/or relates to" the defendant's forum-based contacts.

"Generally, when a motion to dismiss is reviewed, all facts properly pleaded by the plaintiff are deemed true." <u>Alacron v. Swanson</u>, 145 N.H. 625, 628 (2000) (quotation omitted). "When jurisdiction is contested, however, the plaintiff bears the burden of demonstrating facts sufficient to establish

personal jurisdiction over the defendant." Id. (quotation and brackets omitted). "Our standard of review for rulings on motions to dismiss for lack of personal jurisdiction varies according to the case's procedural posture." Kimball Union Academy v. Genovesi, 165 N.H. 132, 136 (2013). "When, as in this case, the trial court rules upon the motion without holding an evidentiary hearing, the trial court employs a prima facie standard, and we review the trial court's decision de novo." Id. (quotation omitted).

Under the prima facie standard, "the plaintiff must make [a] showing as to every fact required to satisfy both the forum's long-arm statute and the due process clause of the Constitution." Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 675 (1st Cir. 1992) (quotation omitted). "The prima facie showing of personal jurisdiction must be based on evidence of specific facts set forth in the record. The plaintiff must go beyond the pleadings and make affirmative proof." Id. (quotation and citation omitted); see Kimball Union, 165 N.H. at 136 (plaintiff usually cannot rest upon pleadings but "is obliged to adduce evidence of specific facts" (quotation omitted)). "[W]e do not credit conclusory allegations or draw farfetched inferences." Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 203 (1st Cir. 1994).

Determining whether a court may exercise personal jurisdiction over a defendant involves a two-part analysis. N.H. Bank Comm'r. v. Sweeney, 167 N.H. 27, 32 (2014). "First, the State's long-arm statute must authorize such jurisdiction." Id. (quotation omitted); see RSA 510:4, I (2010). Second, the requirements of the Due Process Clause of the Federal Constitution must be satisfied. Sweeney, 167 N.H. at 32. We construe the New Hampshire long-arm statute broadly; thus, "personal jurisdiction over nonresidents may be exercised whenever the requirements of the Due Process Clause of the United States Constitution are satisfied." Alacron, 145 N.H. at 628. Because we conclude that the plaintiff failed to meet its burden of making a prima facie showing of personal jurisdiction sufficient to satisfy the requirements of the Federal Due Process Clause, it is unnecessary, for purposes of this appeal, for us to undertake a separate statutory analysis. See id.

Under the Federal Due Process Clause, a court may exercise personal jurisdiction over a non-resident defendant if the defendant has minimum contacts with the forum, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Sweeney, 167 N.H. at 33. Personal jurisdiction can be "specific," if "the cause of action arises out of or relates to" the defendant's forum-based contacts, or "general," if the defendant has "engaged in continuous and systematic activity, unrelated to the suit, in the forum state." State v. N. Atlantic Ref. Ltd., 160 N.H. 275, 281 (2010) (quotation omitted).

A three-part analysis is utilized to determine whether sufficient contacts exist to exercise specific personal jurisdiction. See Sawtelle v. Farrell, 70 F.3d

1381, 1388-89 (1st Cir. 1995). We examine whether: (1) the contacts relate to the cause of action; (2) the defendant has purposefully availed himself of the protection of New Hampshire's laws; and (3) it would be fair and reasonable to require the defendant to defend the suit in New Hampshire. Sweeney, 167 N.H. at 33; see Sawtelle, 70 F.3d at 1389. All three parts of the analysis must be satisfied for the exercise of jurisdiction to be constitutional. Sweeney, 167 N.H. at 33.

First, the plaintiff must set forth facts establishing that its claim "directly arise[s] out of, or relate[s] to, the defendant's forum-state activities." Sawtelle, 70 F.3d at 1389 (quotation omitted). "There must be more than just an attenuated connection between the contacts and the claim; the defendant's in-state conduct must form an important, or at least material, element of proof in the plaintiff's case." Phillips v. Prairie Eye Center, 530 F.3d 22, 27 (1st Cir. 2008) (quotations and brackets omitted).

The plaintiff asserts that "[a] defendant need not be physically present in the forum state to cause injury (and thus 'activity' for jurisdictional purposes) in the forum state," and that, in this case, "[t]he in-forum injury was clearly related to the defendant's duty of care and legal malpractice." In the context of a legal malpractice claim, however, the injury occurs where the alleged acts underlying the malpractice occurred. See Porter v. Berall, 142 F. Supp. 2d 1145, 1147 (W.D. Mo. 2001) (explaining that "the clearly compelling body of law regarding lawyer malpractice confines personal jurisdiction to the situs of the acts and omissions complained of"); see also Kowalksi v. Doherty, Wallace, Pillsbury & Murphy, 787 F.2d 7, 11 (1st Cir. 1986) (rejecting plaintiffs' contention that because the "effects" of an out-of-state law firm's negligence were felt in New Hampshire, the law firm had caused an injury in New Hampshire); Bryant v. Weintraub, Genshlea, Hardy, Erich & Brown, 844 F. Supp. 640, 641-42 (D. Or. 1994) (determining, in legal malpractice suit in Oregon alleging that California law firm negligently failed to obtain service in California for Oregon client, that damages incurred as a result of dismissal of California action had no connection with actions in Oregon and fact that plaintiff lived in Oregon did not establish specific jurisdiction there).

Furthermore, we note that under the second step of the analysis, whether the defendant's contacts with the forum state represent a "purposeful availment" by the defendant of the privilege of conducting business in that state, "[t]he mere existence of an attorney-client relationship, unaccompanied by other sufficient contacts with the forum, does not confer personal jurisdiction over the non-resident in the forum state; more is required." Sawtelle, 70 F.3d at 1392.

Because any injury in this case occurred in Florida, where the alleged acts underlying the legal malpractice claim occurred, the plaintiff failed to satisfy the first requirement for specific personal jurisdiction that the plaintiff's

claim "directly arise out of, or relate to, the defendant's forum-state activities." Id. at 1389 (quotation omitted). Thus, we need go no further in our analysis of specific personal jurisdiction. See Sweeney, 167 N.H. at 33.

The standard for establishing general jurisdiction is "considerably more stringent" than the "minimum contacts" required for specific jurisdiction. Cossaboon v. Maine Medical Center, 600 F.3d 25, 32 (1st Cir. 2010) (quotations omitted). "To permit the exercise of general jurisdiction, the defendant must engage in the continuous and systematic pursuit of general business activities in the forum state." Id. (quotations and brackets omitted). In addition, these contacts must be such that "when the defendant purposefully and voluntarily directs his activities toward the forum . . . he should expect, by virtue of the benefit he receives, to be subject to the court's jurisdiction based on these contacts." Id. (quotation omitted). An analysis of the defendant's contacts with the forum state is "highly idiosyncratic, involving an individualized assessment and factual analysis of the precise mix of contacts that characterize each case." Id. at 33 (quotation omitted).

The plaintiff asserts that "[g]iven that the defendant is negotiating, selling and attempting to sell debt, including Judgments, in the State of New Hampshire, the defendant has purposely availed himself to conducting activities with the State . . . ." However, "[e]ven a prima facie showing [of personal jurisdiction] . . . must be based on specific facts set forth in the record," and the plaintiff "cannot rely on unsupported allegations." Boit, 967 F.2d at 680. The plaintiff must produce evidence to support its jurisdictional allegation because it has the burden of showing that the court may exercise personal jurisdiction over the defendant. See id. Here, the plaintiff's conclusory allegation, unsupported by any facts, was insufficient to sustain its burden of showing that the defendant was engaged in the "continuous and systematic pursuit of general business activities" in New Hampshire. Cossaboon, 600 F.3d at 32 (quotations omitted); see Ticketmaster-New York, 26 F.3d at 203. We conclude that the plaintiff failed to make a prima facie showing of either specific or general personal jurisdiction under the Federal Due Process Clause and, accordingly, we reverse the trial court's ruling that New Hampshire has personal jurisdiction over the defendant.

Reversed.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,
Clerk**

4